UNITED STATES of America, Plaintiff–Appellant,

v.

Scott Alan LARIVEE, Defendant– Appellee.

No. 03–1519.

United States Court of Appeals, Sixth Circuit.

July 23, 2004.

738

Before: MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

SUTTON, Circuit Judge.

Scott Alan Larivee pleaded guilty to robbing a bank in violation of 18 U.S.C. § 2113(a). At sentencing, he sought a downward departure under § 5K2.13 of the Sentencing Guidelines, which permits departures when the court determines that the defendant committed the offense while suffering from a significantly reduced mental capacity. Concluding that Larivee was eligible for the departure, the court lowered his offense level by four and imposed a 51-month sentence. The Government appeals the downward departure. Because the district court misapplied § 5K2.13, we vacate Larivee's sentence and remand the case to the district court for resentencing.

On December 17, 2001, Scott Alan Larivee entered a Comerica Bank in Warren, Michigan and handed the teller a note, which read, "I have a gun! Give me all the cash, no packs, loose bills!" JA 137. After the teller handed him $5,795.00 in cash, Larivee left the bank and promptly fled from the State. Two weeks later, police arrested Larivee soon after he returned to Michigan.

On September 17, 2002, Larivee pleaded guilty to violating 18 U.S.C. § 2113(a). The presentence report recommended a sentence of 77—96 months based on an offense level of 21 and a criminal history category of VI. The defendant sought a downward departure on the basis of diminished capacity under § 5K2.13 of the Sentencing Guidelines, which the district court granted. It accordingly reduced his offense level by four levels and sentenced him to a 51-month prison term. On appeal, the Government argues (1) that a de novo standard of review applies to our assessment of the district court's decision in view of the passage of § 401 of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21. 117 Stat. 650 (2003) (codified at 18 U.S.C. § 3742(e)), and (2) that the district court misapplied this Guideline under any standard of review. Every court of appeals to address the application of § 401 to pending cases—nine so far—has concluded that it applies to cases pending on April 30, 2003, when the Act went into effect. *See United States v. Bell,* 371 F.3d 239, 242 (5th Cir.2004); *United States v. Phillips,* 367 F.3d 846, 860—61 (9th Cir. 2004); *United States v. Lang,* 364 F.3d 1210, 1214 n. 1 (10th Cir.2004); *United States v. Kostakis,* 364 F.3d 45, 51 (2d Cir.2004); *United States v. Saucedo-Patino,* 358 F.3d 790, 792–93 (11th Cir.2004); *United States v. Thurston,* 358 F.3d 51, 71–72 (1st Cir.2004); *United States v.*

* The Honorable Glen M. Williams, Senior United States District Judge for the Western District of Virginia, sitting by designation.

*Stockton,* 349 F.3d 755, 764 n. 4 (4th Cir. 2003); *United States v. Mallon,* 345 F.3d 943, 946—47 (7th Cir.2003); *United States v. Hutman,* 339 F.3d 773, 775 (8th Cir. 2003). We need not address this issue, however, because the error in this case requires reversal under either a de novo or an abuse-of-discretion standard of review.

The district court determined that Larivee was eligible for a downward departure under § 5K2.13 of the Sentencing Guidelines, which (at the time of sentencing) read in full:

> A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13 (2001). At sentencing, the Government argued that Larivee's request for a downward departure failed under the third prohibitive factor—namely, "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." In addressing this point, the district court said that "the [third] prong is easy. Even if this court were to downward depart, it would not depart to a probationary sentence and Defendant would still face significant time in prison where the public would be protected from him while he hopefully received treatment." JA 110.

The problem with this rationale is that it suggests the defendant meets the requirement—because his criminal history (the highest criminal history category available, Category VI) indicates a need to incarcerate him to protect the public—but that the limitation does not apply so long as the defendant still will face some prison time or perhaps at least "significant" prison time. This analysis incorrectly applies the Guideline. While we agree with the district court that the defendant's extensive criminal history—which includes four driving-under-the-influence offenses, two attempted larcenies, one completed larceny, one retail-fraud offense, one assault with a dangerous weapon offense, and one receiving-and-concealing property offense— shows "a need ... to protect the public," that threshold finding precludes a downward departure under U.S.S.G. § 5K2.13. The provision makes no exception for departures that still authorize some or significant prison time. Because a finding of any one of the three prohibited factors precludes a departure, we need not review the existence of the other two factors or even consider whether Larivee suffers from diminished capacity. *See United States v. Cravens,* 275 F.3d 637, 640 (7th Cir.2001).

For these reasons, the sentence of the district court is vacated and remanded for resentencing consistent with this opinion.